UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

JUDGE SWAIN

------------------------------------------------------------ X

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA. a/s/o
AMERICAN STOCK EXCHANGE, LLC,

07 CIV 6715

CIV. No.

    Plaintiff,

-against-

BIN H. CHEN,

    Defendants.

------------------------------------------------------------ X

COMPLAINT



RECEIVED
JUL 26 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT AND JURY DEMAND

Plaintiff NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. a/s/o AMERICAN STOCK EXCHANGE, LLC (hereinafter "National"), by and through its attorneys, CLAUSEN MILLER, P.C., as and for its Complaint, herein alleges as follows:

### THE PARTIES

1. Plaintiff National is a corporation organized under the laws of Pennsylvania, with its principal place of business located at 70 Pine Street, New York, New York 10270.

2. At all relevant times, Plaintiff National was authorized to issue policies of insurance within all States applicable to this matter.

3. At all relevant times, Plaintiff National insured American Stock Exchange, LLC (hereinafter "American") pursuant to Policy No. 006615960.

4. At all relevant times, Defendant BIN H. CHEN ("Chen") was and is a resident of the State of New Jersey.

## JURISDICTION and VENUE

5.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. § 1332(a)(1), by reason of diversity of citizenship of the parties; the matter in controversy, exclusive of interest and costs, exceeds $75,000.00.

6.   Venue is proper in this district, pursuant to the provisions of 28 U.S.C.A. § 1391.

## FACTS

7.   Prior to July 15, 2004, Defendant Chen was employed by American and had the title "Director of Technology".

8.   As part and parcel of Defendant Chen's duties and responsibilities as Director of Technology, he was responsible for managing American's computers, computer equipment and/or technological equipment.

9.   As part and parcel of Defendant Chen's duties and responsibilities as Director of Technology, he was responsible for procuring computers, computer equipment and/or technological equipment for American.

10.  As part and parcel of Defendant Chen's duties and responsibilities as Director of Technology, he was responsible for retaining vendors and/or consultants to maintain, repair, service and/or evaluate American's computers, computer equipment and/or technological equipment.

11.  During his employ with American, Defendant Chen had an ownership interest in a business entity named MISand, Inc. ("MISand").

12.  During his employ with American, Defendant Chen had an ownership interest in a business entity named Avondale Consulting, Inc. ("Avondale").

13. During his employ with American, upon information and belief, Defendant Chen had an ownership interest in additional companies and/or business entities.

14. Prior to July 14, 2004, Defendant Chen did not disclose his ownership interests and/or affiliations with MISand, Avondale and/or additional companies and/or business entities.

15. On or about July 14, 2004, American discovered that Defendant Chen had misappropriated funds from American.

16. On or about July 14, 2004, American discovered that Defendant Chen had retained MISand, Avondale and/or additional companies and/or business entities in which he had an ownership interest and/or was affiliated with to provide computers, computer equipment and/or technological equipment for American.

17. On or about July 14, 2004, American discovered that Defendant Chen had retained MISand, Avondale and/or additional companies and/or business entities in which he had an ownership interest and/or was affiliated with to maintain, repair, service and/or evaluate American's computers, computer equipment and/or technological equipment.

18. On or about July 14, 2004, American discovered that Defendant Chen, individually and/or through his companies, fraudulently billed American for computers, computer equipment and/or technological equipment, allegedly provided by MISand, Avondale and/or additional companies, which were never provided to American.

19. On or about July 14, 2004, American discovered that Defendant Chen, individually and/or through his companies, had fraudulently billed American for maintenance, repair, service and/or evaluation services of American's computers, computer equipment and/or technological equipment, allegedly provide by MISand, Avondale and/or additional companies, which were never provided to American.

20. Upon information and belief, prior to July 14, 2004, Defendant Chen arranged for fraudulent invoices to be submitted to American, and subsequently to be paid by American.

21. As a result of the fraudulent activities perpetrated by Defendant Chen upon American, Plaintiff was caused to incur damages and/or financial loss in the amount of $1,203,996.87.

22. Neither American nor Plaintiff could or should have been aware of Defendant Chen's fraudulent activities prior to July 14, 2004.

23. Pursuant to the policy of insurance, Plaintiff National indemnified American for its damages, accordingly Plaintiff National is subrogated to the rights of American.

## FIRST CAUSE OF ACTION:
## FRAUD

24. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "23" with the same force and effect as if set forth at full herein.

25. Defendant Chen failed to disclose to American that he intended to purchase computers, computer equipment and/or technological equipment from companies which he had an ownership interest in and/or was otherwise affiliated.

26. Defendant Chen failed to disclose to American that he intended to employ vendors and/or consultants to maintain, service, inspect and/or evaluate American's computers, computer equipment and/or technological equipment.

27. Defendant Chen individually and/ or through MISand, Avondale and/or other companies and/or business entities which he had an ownership interest in and/or was otherwise affiliated, knowingly and willfully arranged for American to be charged and pay for computers, computer equipment and/or technological equipment which Defendant Chen knew American did not and/or would not receive.

28. Defendant Chen individually and/or through MISand, Avondale and/or other companies and/or business entities, which he had an ownership interest in and/or was otherwise affiliated, knowingly and willfully arranged for American to be charged and pay for maintenance, service, inspections and/or evaluations of American's computers, computer equipment and/or technological equipment which Defendant Chen knew American did not and/or would not occur.

29. Defendant Chen individually and/or through MISand, Avondale and/or other companies and/or business entities which he had an ownership interest in and/or was otherwise affiliated, knowingly and willfully arranged for American to be over-charged for computers, computer equipment and/or technological equipment.

30. Defendant Chen individually and/or through MISand, Avondale and/or other companies and/or business entities which he had an ownership interest in and/or was otherwise affiliated, knowingly and willfully arranged for American to be overcharged for maintenance, service, inspections and/or evaluations of American's computers, computer equipment and/or technological equipment.

31. Defendant Chen made false representations of fact to American that it was receiving goods and/or services which it was, in fact, not receiving.

32. Defendant Chen made false representation of fact to American that it was receiving reasonably priced goods and/or services which were, in fact, unreasonably priced.

33. Defendant Chen's false representations were intentional and made knowingly and willfully.

34. Defendant Chen's false representations were made for the purpose of Chen's personal financial gain.

35. As a result of Defendant Chen's actions complained of herein, on or about November 22, 2005, Defendant Chen pled guilty to Mail Fraud in violation of 18 U.S.C 1341.

36. As a result of Defendant Chen's actions complained of herein, on or about November 22, 2005, Defendant Chen pled guilty to Wire Fraud in violation of 18 U.S.C 1341.

37. Defendant Chen's false representations were reasonably relied upon by American.

38. As a result of American's reliance upon Defendant Chen's false representations, Plaintiff was caused to sustain damage in the amount of $1,203,996.87.

WHEREFORE, Plaintiff demands judgment against Defendant Chen for the total amount of Plaintiff's damages, One Million Two Hundred Three Thousand Nine Hundred Ninety-Six Dollars and Eighty-Seven Cents ($1,203,996.87), together with interest, legal fees, costs and such other relief as the Court deems proper.

## SECOND CAUSE OF ACTION: BREACH OF CONTRACT

39. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "38" with the same force and effect as if set forth at full herein.

40. In or around April, 1999, Defendant Chen entered into an employment agreement (the "Employment Agreement") with American and/or American's predecessor-in-interest.

41. As part of the Employment Agreement, Chen agreed to discharge his duties and obligations in a competent, prudent and professional manner.

42. As part of the Employment Agreement, Chen agreed to act in the best interests of American and/or its predecessor-in-interest when contracting with third-parties.

43. As part of the Employment Agreement, Chen agreed to conform to all rules and/or regulations of American and/or its predecessor-in-interest.

44. Defendant Chen breached the Employment Agreement with American by:

(a) failing to discharge his duties and obligations in a competent, prudent and professional manner;

(b) failing to act in the best interests of American and/or its predecessor-in-interest when contracting with third-parties;

(c) failing to conform to all rules and/or regulations of American and/or its predecessor companies; and

(d) by causing and/or allowing fraudulent activities to be perpetrated upon American by Defendant Chen, his companies and/or affiliated entities.

45. As a result of Defendant Chen's breach of contract, Plaintiff sustained extensive damages and/or financial loss in the amount of One Million Two Hundred Three Thousand Nine Hundred Ninety-Six Dollars and Eighty-Seven Cents ($1,203,996.87).

WHEREFORE, Plaintiff demands judgment against Defendant Chen for the total amount of Plaintiff's damages, One Million Two Hundred Three Thousand Nine Hundred Ninety-Six Dollars and Eighty-Seven Cents ($1,203,996.87), together with interest, legal fees, costs and such other relief as the Court deems proper.

### THIRD CAUSE OF ACTION: UNJUST ENRICHMENT

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as though fully set forth herein.

47. As a result of Defendant Chen's actions, individually and through various business entities, American was caused to be charged for goods and/or services which it did not receive.

48. As a result of Defendant Chen's actions, individually and through various business entities, American was caused to be over-charged for other goods and/or services which it did receive.

49. As a result, Defendant Chen, individually and through various business entities, was caused to be unjustly enriched.

50. Defendant Chen's unjust enrichment came at the expense of American and Plaintiff, by way of subrogation.

51. As a result of Defendant Chen's actions, which allowed him to become unjustly enriched at the expense of American and Plaintiff, by way of subrogation, Plaintiff sustained extensive damages and/or financial loss in the amount of One Million Two Hundred Three Thousand Nine Hundred Ninety-Six Dollars and Eighty-Seven Cents ($1,203,996.87).

WHEREFORE, Plaintiff demands judgment against Defendant Chen for the total amount of Plaintiff's damages, One Million Two Hundred Three Thousand Nine Hundred Ninety-Six Dollars and Eighty-Seven Cents ($1,203,996.87), together with interest, legal fees, costs and such other relief as the Court deems proper.

## FOURTH CAUSE OF ACTION: COMMON LAW INDEMNIFICATION

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as though fully set forth herein.

53. As a result of Defendant Chen's actions, fraudulent or otherwise, Plaintiff was caused to incur an obligation to American under its policy of insurance.

54.     As a result of Defendant Chen's actions, fraudulent or otherwise, Plaintiff was caused and/or obligated to pay American the total sum of One Million Two Hundred Three Thousand Nine Hundred Ninety-Six Dollars and Eighty-Seven Cents ($1,203,996.87).

55.     But for Defendant Chen's actions, fraudulent or otherwise, Plaintiff would not have had to pay American the total sum of One Million Two Hundred Three Thousand Nine Hundred Ninety-Six Dollars and Eighty-Seven Cents ($1,203,996.87).

56.     Defendant Chen is liable to indemnify Plaintiff for the full amount of Plaintiff's damages, One Million Two Hundred Three Thousand Nine Hundred Ninety-Six Dollars and Eighty-Seven Cents ($1,203,996.87), which it had to pay American solely as a result of Defendant Chen's conduct.

WHEREFORE, Plaintiff demands judgment against Defendant Chen for the total amount of Plaintiff's damages, One Million Two Hundred Three Thousand Nine Hundred Ninety-Six Dollars and Eighty-Seven Cents ($1,203,996.87), together with interest, legal fees, costs and such other relief as the Court deems proper.

## DEMAND FOR JURY

Plaintiff demands trial by jury on all issues.

## CERTIFICATION REGARDING OTHER PROCEEDINGS AND PARTIES

The undersigned counsel hereby certifies, in accordance with Local Civil Rules that we are unaware of any action related to the allegations contained in this Complaint.

Dated: New York, New York
      July 26, 2007

                                            Respectfully submitted,

                                            CLAUSEN MILLER, P.C.

By:    _____ (JS8046)
                                            Robert A. Stern, Esq.
                                            Joseph W. Szalyga, Esq.
                                            One Chase Manhattan Plaza
                                            New York, New York 10005
                                            (212) 805-3900