UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, P.A. a/s/o AMERICAN STOCK
EXCHANGE, LLC,

          Plaintiff,      CIV No.
  -against-             07 CIV 6715 (LTS)

BIN H. CHEN,

         Defendant.
------------------------------------------------------------------------X
AFFIDAVIT OF SERVICE

UNITED STATES DISTRICT COURT )
               ) ss:
SOUTHERN DISTRICT OF NEW YORK )

I, Nicole De Lucia, being duly sworn, say; I am not a party to the action, am over 18 years of age and reside in New Rochelle, New York 10801.

On October 12, 2007, I served a copy of the within **ANSWER,** by depositing a true copy thereof, enclosed in a wrapper addressed as shown below for overnight delivery, prior to the latest time designated by that service for overnight delivery via Federal Express:

Robert A. Stern, Esq.
Clausen Miller, P.C.
1 Chase Manhattan Plaza
New York, New York 10005

                   _____
                   Nicole De Lucia
                   Legal Assistant

Sworn to before me this
   Day of October, 2007

_____
ROBERTA ORDOVER
Notary Public State of New York
No. 4003141
Qualified in Westchester County
Commission Expires June 22, 20__

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA. a/s/o AMERICAN STOCK
EXCHANGE, LLC,

                Plaintiff,                            CIV No.
                                                      07 CIV 6715 (LTS)
    -against-                                          **ANSWER**

BIN H. CHEN,

                Defendant.
------------------------------------X

        Defendant BIN H. CHEN, by and through his attorney, Anthony J. Siano, Esq., herein answers the Complaint in the above referenced action as follows:

        1.       Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Complaint.

        2.       Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Complaint.

        3.       Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Complaint.

        4.       Admits the allegations contained in Paragraph 4 of the Complaint.

        5.       Upon information and belief, denies the allegations contained in Paragraph 5 of the Complaint.

        6.       Upon information and belief, admits the allegations contained in Paragraph 6 of the Complaint.

        7.       Admits the allegations contained in Paragraph 7 of the Complaint.

        8.       Admits the allegations contained in Paragraph 8 of the Complaint.

9. Admits the allegations contained in Paragraph 9 of the Complaint.

10. Upon information and belief, denies the allegations contained in Paragraph 10 of the Complaint.

11. Admits the allegations contained in Paragraph 11 of the Complaint.

12. Admits the allegations contained in Paragraph 12 of the Complaint.

13. Admits the allegations contained in Paragraph 13 of the Complaint.

14. Admits the allegations contained in Paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to date of the allegations contained in Paragraph 15 of the Complaint and admits the remainder of those allegations.

16. Denies knowledge or information sufficient to form a belief as to date of the allegations contained in Paragraph 16 of the Complaint and admits the remainder of those allegations.

17. Denies knowledge or information sufficient to form a belief as to date of the allegations contained in Paragraph 17 of the Complaint and admits the remainder of those allegations.

18. Denies knowledge or information sufficient to form a belief as to date of the allegations contained in Paragraph 18 of the Complaint and denies the remainder of those allegations.

19. Denies knowledge or information sufficient to form a belief as to date of the allegations contained in Paragraph 19 of the Complaint and denies the remainder of those allegations.

20. Denies knowledge or information sufficient to form a belief as to date of the allegations contained in Paragraph 20 of the Complaint and admits the remainder of those allegations.

21. Denies knowledge or information sufficient to form a belief as to sum of damages and/or financial losses contained in Paragraph 21 of the Complaint and admits the remainder of those allegations.

22. Denies the allegations contained in Paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Complaint.

24. Defendant repeats and reiterates the answers to paragraphs 1 through 23 with the same force and effect as if set forth here.

25. Admits the allegations contained in Paragraph 25 of the Complaint.

26. Admits the allegations contained in Paragraph 26 of the Complaint.

27. Admits the allegations contained in Paragraph 27 of the Complaint.

28. Admits the allegations contained in Paragraph 28 of the Complaint.

29. Admits the allegations contained in Paragraph 29 of the Complaint.

30. Admits the allegations contained in Paragraph 30 of the Complaint.

31. Admits the allegations contained in Paragraph 31 of the Complaint.

32. Denies the allegations contained in Paragraph 32 of the Complaint.

33. Admits the allegations contained in Paragraph 33 of the Complaint.

34. Admits the allegations contained in Paragraph 34 of the Complaint.

35. Admits the allegations contained in Paragraph 35 of the Complaint.

36. Admits the allegations contained in Paragraph 36 of the Complaint.

37. Admits the allegations contained in Paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to sum of damages and/or financial losses contained in Paragraph 38 of the Complaint and admits the remainder of those allegations.

39. Defendant repeats and reiterates the answers to paragraphs 1 through 38 with the same force and effect as if set forth here.

40. Denies the allegations contained in Paragraph 40 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44 of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45 of the Complaint.

46. Defendant repeats and reiterates the answers to paragraphs 1 through 45 with the same force and effect as if set forth here.

47. Admits the allegations contained in Paragraph 47 of the Complaint.

48. Admits the allegations contained in Paragraph 48 of the Complaint.

49. Admits the allegations contained in Paragraph 49 of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 50 of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 51 of the Complaint.

52. Defendant repeats and reiterates the answers to paragraphs 1 through 51 with the same force and effect as if set forth here.

53. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 53 of the Complaint

54. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 54 of the Complaint

55. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 55 of the Complaint

56. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 56 of the Complaint.

## AS AND FOR AFFIRMATIVE DEFENSES

57. The Complaint fails to state a cause of action upon which relief may be granted.

58. The Complaint fails to set forth the allegations of fraud with particularity.

59. Plaintiffs' claims are barred by the statute of limitations.

60. Plaintiffs' claims are barred by their own reckless conduct.

61. Plaintiffs' claims are barred by their failure to act with minimal diligence.

62. Plaintiffs' claims are barred by estoppel.

63. Plaintiffs' claims have been waived.

64.     Plaintiffs' claims are barred by the equitable doctrines of unclean hands and <u>in pari delicto</u>.

WHEREFORE, defendant Bin H. Chen seeks entry of a judgment and order dismissing the Complaint and entering judgment in favor of defendant Chen, together with costs and disbursements, and such other and further relief as to this Court may seem just and proper.

DATED:  October 12, 2007
        White Plains, New York

                                ANTHONY J. SIANO, ESQ.
                                Attorney for Defendant Bin H. Chen

By: _____
    Anthony J. Siano, Esq.  (AS8842)
    333 Westchester Avenue – Suite 300
    White Plains, New York 10604
    (914) 997-0100

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA. a/s/o AMERICAN STOCK
EXCHANGE, LLC,

        Plaintiff,                          CIV No.
                                              07 CIV 6715

-against-

BIN H. CHEN,

        Defendant.
------------------------------------X

## **VERIFICATION**

Bin H. Chen, under the penalties of perjury, deposes and says:

I am the Defendant named in the above-entitled action. I have read the foregoing Answer and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters I believe it to be true.

                                                _____
                                                Bin H. Chen

Sworn to before me this
12 day of October, 2007

_____
NOTARY PUBLIC
ANTHONY J. SIANO, ESQ.
NOTARY PUBLIC
CERT. #02SI4074105
REG. IN WESTCHESTER COUNTY
EXP. DATE 1/14/2007

7