UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA. a/s/o
AMERICAN STOCK EXCHANGE, LLC,                    07 CIV. 6715 (LTS) (HBP)

        Plaintiff,

        -against-

BIN H. CHEN,

        Defendants.

-------------------------------------------------------------- X

## PLAINTIFF'S RULE 26(a)(1) DISCLOSURES

Pursuant to Rule 26 (a) (1) of the Federal Rules of Civil Procedure, Plaintiff makes the following disclosure:

**A.**     **Identity of Individuals likely to have knowledge of Discoverable Facts:**

1) Defendant Bin H. Chen

2) David A. Skinner, Special Agent, Federal Bureau of Investigation

3) Douglas Cobb c/o American Stock Exchange, LLC

4) Bob Baker c/o Deloitte & Touche

5) Kevin O'Connor c/o Deloitte & Touche

6) Erika Richardson c/o Deloitte & Touche

7) Brian Pruitt c/o Deloitte & Touche

8) Gina Paul c/o Deloitte & Touche

9) Michael Wudke c/o Deloitte & Touche

10) Bob Dillen c/o Deloitte & Touche

11) Carol Tannous c/o Deloitte & Touche

12) Ed Delorenzo c/o McGoff, Collins & DeLorenzo

13) Carl M. Grant c/o AIG Domestic Claims, Inc.

It is anticipated that additional witnesses will be identified throughout discovery.

**B.    Documents and things in possession of counsel or the party:**

See Plaintiff's Bates Stamped Document Production annexed hereto.

**C:    Identity of Experts and their opinions.**

Plaintiff has not yet determined, who, if anyone, it will call as an expert witness at the time of trial. Plaintiff reserves the right to supplement and/or amend this response pursuant to the Federal Rules of Civil Procedure.

**D:    Insurance Agreements in Force:**

National Union Fire Insurance Company of Pittsburgh, Pa. insured American Stock Exchange, LLC pursuant to Policy number 661-59-60.

**E:    Statement of the basis for any damage claimed:**

Prior to July 15, 2004, Defendant Bin H. Chen ("Chen") was employed as the "Director of Technology" by Plaintiff's subrogor, American Stock Exchange, LLC ("AMEX"). As part and parcel of Defendant Chen's duties and responsibilities as Director of Technology, he was responsible for managing, procuring, maintaining, repairing, servicing and/or evaluating AMEX's computers, computer equipment and/or technological equipment.

On or about July 15, 2004, AMEX was notified of potential suspicious activity of Defendant Chen. Thereafter, AMEX performed an investigation and determined that Defendant Chen had an undisclosed ownership interest in two companies, Avondale Consulting, Inc. ("Avondale") and Misand, Inc. ("Misand"), which Defendant Chen had retained to supply computer equipment and/or services to AMEX. Defendant Chen approved and/or submitted for approval, invoices from Avondale and Misand for equipment and services which were never rendered. Upon information and belief, Defendant Chen also approved and/or submitted for approval invoices from Avondale and/or Misand which were inflated .

It was determined that Defendant Chen had fraudulently misappropriated over One Million Seven Hundred Thousand Dollars ($1,920,984.87). Additionally, the expenses and costs associated with investigating and determining the amounts misappropriated exceeded Four Hundred Eighty-Seven Thousand Eight Hundred Sixty-One ($487,861.00) Dollars. Thereafter,

Defendant Chen was indicted and charged with violating 18 U.S.C. §1341, §1343, §1346 §2. Defendant Chen pled guilty to violating 18 U.S.C. § 1341 and 18 U.S.C. § 1346 and was sentenced to Forty-One (41) months on each count, to run concurrently.

Defendant Chen returned One Million One Hundred Four Thousand Eight Hundred Forty-Nine ($1,104,849.00) Dollars. Despite the amounts in controversy, the Court merely ordered restitution in AMEX's favor in the additional amount of Two Hundred Twenty -Seven Thousand and Sixty ($227,060,00) Dollars.

Plaintiff now seeks to recover One Million Two Hundred Three Thousand Nine Hundred Ninety-Six Dollars and Eighty-Seven Cents ($1,203,996.87), the final amount paid to its insured to reimburse for and determine the loss occasioned as a result of Defendant Chen's fraudulent actions.

Plaintiff reserves the right to amend and/or supplement each of these Responses at anytime.

Dated: New York, New York
       January 2, 2008

                                        CLAUSEN MILLER, P.C.

                        By:

                                        Robert A. Stern, Esq. (RS-4476)
                                        Joseph W. Szalyga, Esq. (JS-8046)
                                        Attorneys for Plaintiff
                                        One Chase Manhattan Plaza - 39th Floor
                                        New York, New York 10005
                                        (212) 805-3900

To:

Anthony J. Siano, Esq.
Attorney for Defendant
333 Westchester Avenue
Suite 300
White Plains, New York 10604