UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA. a/s/o
AMERICAN STOCK EXCHANGE, LLC,    07 CIV. 6715 (LTS) (HBP)

        Plaintiff,

-against-

BIN H. CHEN,

        Defendants.

------------------------------------------------------------ X

## JOINT PRELIMINARY PRE-TRIAL STATEMENT

A.    A concise statement of the nature of this action.

    Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National") seeks to recover for damages sustained as a result of Defendant's actions taken during his employ with Plaintiff's subrogor, American Stock Exchange, LLC ("AMEX"). Plaintiff has brought claims sounding in fraud, breach of contract, unjust enrichment and common-law indemnification.

    Plaintiff alleges that Defendant, during his employ with AMEX as Director of Technology, fraudulently conveyed and/or misappropriated One Million Nine Hundred Twenty Thousand Nine Hundred Eighty-Four Dollars and Eighty-Seven Cents ($1,920,984.87) from AMEX. Specifically, Defendant misappropriated this money by creating two shell companies which he contended provided computer equipment and/or services to AMEX, which did not provide the equipment or perform the services billed for. Thereafter, Defendant approved for payment and/or submitted for payment, the invoices from these companies. Defendant subsequently admitted that he had an ownership interest in the two companies, which he did not disclose to AMEX.

    Defendant pled guilty to one count of Mail Fraud and one count of Wire Fraud pursuant to 18 U.S.C. §1341 and §1346 and remains incarcerated.

B.    A concise statement of each party's position as to the basis of this Court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount.

<u>PLAINTIFF</u>

    Plaintiff is a Pennsylvania Corporation with its principal place of business in New York. Defendant is a citizen of the State of New Jersey. The matter in controversy, exclusive of

interest and costs, exceeds $75,000.00. Therefore, Plaintiff contends that Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. § 1332(a) (1), by reason of diversity of citizenship of the parties.

DEFENDANT

Defendant is an natural person who has a domicile in New Jersey. Defendant is presently a resident in the Metropolitan Detention Center, Brooklyn, New York and has been so incarcerated since prior to the commencement of the above captioned action.

C.  A concise statement of all material uncontested or admitted facts.

The following facts are undisputed:

1. Prior to July 15, 2004, Defendant was employed by AMEX as Director of Technology.

2. As Director of Technology, Chen was responsible for procuring and managing AMEX's computers, computer equipment and/or technological equipment.

3. During his employ with AMEX, Defendant had an ownership interest in MISand, Inc. ("MISand"), Avondale Consulting, Inc. ("Avondale") and additional companies and/or business entities.

4. Defendant did not disclose his ownership interest and/or involvement with MISand or Avondale to AMEX.

5. During his employ, Defendant retained MISand and Avondale to provide AMEX with computers, computer equipment, technological equipment and maintenance, repair, service and evaluation of said equipment.

6. Defendant knowingly and willfully arranged for AMEX to be charged and pay for computers, equipment, maintenance, service, inspections and/or evaluations which Defendant knew AMEX did not and/or would not receive.

7. Defendant knowingly and willfully arranged for AMEX to be over-charged for computers, equipment, maintenance, service, inspections and/or evaluations which AMEX did receive.

8. Defendant, knowingly and willfully, for the purpose of personal financial gain, made false representations to AMEX that it was receiving good and/or services which it was, in fact, not receiving.

9. Defendant's representations were reasonably relied upon by AMEX.

10. Defendant arranged to have fraudulent invoices submitted to, and paid for, by AMEX.

11. As a result of Defendant's actions, AMEX was caused to sustain damages.

D.     A concise statement of all uncontested legal issues.

The following legal issues are undisputed:

Defendant fraudulently misappropriated money from AMEX.

Defendant was unjustly enriched as a result of his actions.

E.     A concise statement of all legal issues to be decided by the Court.

Whether Defendant's actions constituted a breach of his employment agreement.

The amount of damages sustained by AMEX, and Plaintiff by way of subrogation, as a result of Defendant's actions.

F.     Each party's concise statement of material disputed facts.

### PLAINTIFF

Plaintiff contends that Defendant misappropriated One Million Nine Hundred Twenty Thousand Nine Hundred Eighty Four Dollars and Eighty-Seven Cents ($1,920,984.87). Thereafter, Plaintiff's subrogor incurred investigative expenses which totaled Four Hundred Eighty-Seven Thousand Eight Hundred Sixty-One Dollars ($487,861.00).

After the investigation, Defendant returned One Million One Hundred Four Thousand Eight Hundred Forty-Nine Dollars ($1,104,849.00) to AMEX. After consideration of this partial recovery and AMEX's One Hundred Thousand Dollar ($100,000.00) deductible, Pursuant to it's policy of insurance, Plaintiff was caused to reimburse AMEX for the remainder of its damages, One Million Two Hundred Three Thousand Nine Hundred Ninety-Six Dollars and Eighty-Seven Cents ($1,203,996.87).

Finally, Plaintiff disputes all affirmative defenses raised by Defendants.

### DEFENDANT

Defendant disputes that the sums presented by Plaintiff and Plaintiff's agents accurately present the losses incurred by reason of defendant's conduct.

G.     A concise statement by each plaintiff and each counterclaimant of the legal basis of each cause of action asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law intended to be relied upon by such plaintiff or counterclaimant.

PLAINTIFF

Plaintiff contends that Defendant fraudulently conveyed and/or misappropriated funds from AMEX as previously set forth in Paragraph A. Moreover, Plaintiff contends that such actions also constituted a breach of Defendant's employment agreement and allowed Defendant to become unjustly enriched at Plaintiff's expense.

Plaintiff further contends that Defendant's guilty plea constitutes collateral estoppel with regard to issues pertaining to Plaintiff's causes of actions. See Neaderland v. Commissioner of Internal Revenue, 424 F. 2d 639 (2nd Cir. 1970). Therefore, Plaintiff contends that Defendant is estopped from denying and/or re-litigating the elements of 18 U.S.C. §1341 and 18 U.S.C § 1346.

DEFENDANT

Defendant denies that his guilty plea precludes his contest of the sums involved in the claims in this action.

H. Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such a party, including citations to all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied on by such party.

PLAINTIFF

At this juncture, Plaintiff has not asserting any defenses.

DEFENDANT

At this juncture, Defendant has not asserted any such defenses.

I. A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.

PLAINTIFF

Plaintiff acknowledges its burden of proof with regard to each of it's causes of action asserted within the Complaint. Defendant acknowledges its burden of proof with regard to each affirmative defense contained within his Answer.

DEFENDANT

Defendant acknowledges its burden of proof with regard to each affirmative defense contained within his Answer.

J.  Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefore.

At this juncture, the parties do not anticipate any additions and/or substitution of parties to this litigation. However, the parties respectfully propose that the deadline for any such addition or substitution be July 31, 2008.

K.  A statement as to whether all parties consent to transfer of the case to the magistrate judge for all purposes, including trial (without identifying which parties have or have not so consented).

The parties hereby jointly consent to transfer the case to a magistrate for all purposes, including trial.

L.  What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under Fed. R. Civ. P. 26 (a)(1) were made or will be made.

Plaintiff served it's Rule 26(a) Disclosure on January 2, 2008. Defendant has not as yet served his Rule 26(a) Disclosure.

M.  The subjects on which disclosure may be needed and a proposed discovery cut-off date.

The parties anticipate that disclosure may be necessary on all issues and respectfully propose that the discovery cut-off date be January 30, 2009.

Defendant respectfully notes that he may be eligible for transfer to a halfway house in September, 2008 and will thereafter be able to more fully participate in the defense of his case.

N.  Whether, and to what extent expert evidence will be required, and proposed deadlines for expert disclosure.

Plaintiff may offer expert evidence from accounting and/or investigation professionals pertaining to their review of AMEX's claim and the amounts determined to be lost.

Defendant may offer expert evidence from accounting and /or other professionals pertaining to the computation of losses in this case.

The parties respectfully propose that the expert disclosure deadline be set for December 31, 2008

O.      What, if any changes, should be made to the limitations of discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of the Court, and what other limitations should be imposed.

At this time, the parties are unaware of any additional limitations which should be imposed.

P.      The status of settlement discussions and the prospects for settlement of the action in whole or in part, provided that the Preliminary Pre-Trial Statement shall not disclose to the Court specific settlement offers or demands.

Settlement Discussions have not yet occurred. Settlement may be feasible after document discovery is completed.

Q.      A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to be needed for presentation of that party's case.

The parties jointly request that this matter be tried by a jury. Plaintiff anticipates that it will need five (5) days to present its case in chief. Defendant cannot at this time anticipate the duration of his case in chief but may be better able to do so after discovery is completed.

R.  Any other orders that should be entered by the Court under Fed. R. Civ. P. 26 (c) or Fed. R. Civ. P. 16 (b) and (c).

At this time, the parties are unaware of any additional necessary orders.

Dated: New York, New York
       February 29, 2008

_____
Joseph W. Szalyga, Esq.
CLAUSEN MILLER, P.C.
Attorneys for Plaintiff
One Chase Manhattan Plaza
39th Floor
New York, New York 10005
(212) 805-3900

_____
Anthony Siano, Esq.
Attorney for Defendant
333 Westchester Avenue
Suite 300
White Plains, New York 10604
(914) 997-0100